1  Christie Gaumer, Esq.   SBN 150649
   Neda Soleimanian, Esq. SBN 274971
2  LAW OFFICES OF CHRISTIE GAUMER
   3940 Laurel Canyon Blvd., No. 733
3  Studio City, CA 91604
   Tel: (323) 934-8500 Fax: (818) 859-1545
4  Email Address: christie@gaumerlaw.com

5

6  Attorneys for Plaintiffs Sassan Sadjadi and Yekta Sadjadi

7

8              UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11                                    | Case No.:

12 **Sassan Sadjadi and Yekta Sadjadi,**    | COMPLAINT FOR:
                                             |   1. **VIOLATION OF THE FAIR
13                **Plaintiffs,**           |      CREDIT REPORTING ACT**
                                             |   2. **VIOLATION OF CALIFORNIA
14                                          |      CONSUMER CREDIT REPORTING
                                             |      AGENCIES ACT**
15          **vs.**                         |   3. **VIOLATION OF FAIR CREDIT
                                             |      REPORTING ACT**
16 **Bank of America, N.A.; Trans Union LLC,**
17 **and Equifax Information Services, LLC,**  | **DEMAND FOR JURY TRIAL**
18                **Defendants.**

19

20

21        Plaintiffs Sassan Sajadi and Yekta Sadjadi allege as follows:

22                            **Parties**

23        1.      Plaintiff Sassan Sadjadi ("Sassan") is an individual, residing in and a citizen of

24 the State of California, County of Los Angeles.

25        2.      Plaintiff Yekta Sadjadi ("Yekta") is an individual, residing in and a citizen of the

26 State of California, County of Los Angeles.

27

28

                      COMPLAINT FOR DAMAGES

3.      Plaintiffs are informed and believe and thereon allege that defendant Bank of America, N.A. ("Bank of America") is a national banking association, with its principal place of business in the State of North Carolina.

4.      Plaintiffs are informed and believe and thereon allege that defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company, with its principal place of business located in the State of Illinois.

5.      Plaintiffs are informed and believe and thereon allege that defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, with its principal place of business located in the State of Georgia.

### Jurisdiction and Venue

6.      This action is brought pursuant to the Fair Credit Reporting Act, 15 USC § 1681 et seq. (FCRA). The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and over the state law claims pursuant to 15 USC § 1367.

7.      Plaintiffs bring claims against defendants Bank of America, Trans Union, and Equifax and based on violations of the FCRA and the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a).

### Common Allegations

8.      In February 2005, defendant Bank of America and a third party OneWest Bank N.A. ("One West"), by and through division known as IndyMac (more formerly known as Indymac Financial Services, Inc. ("Indymac") provided plaintiffs loans in the total amount of $515,000.00, secured by a second deed of trust in favor of Bank of America and a first deed of trust in favor of IndyMac, each secured by plaintiffs' residence located at 24012 Hartland St., West Hills, California 91307 ("residence").

COMPLAINT FOR DAMAGES

9.     In 2010 plaintiffs faced financial difficulties due to the downturn in the economy, and plaintiffs could no longer pay the mortgage payments on the residence.  Plaintiffs defaulted on the loans to Bank of America and to Indymac/OneWest.  Following such defaults, on August 13, 2010, plaintiffs and defendants Bank of America and IndyMac entered into a short sale agreement with respect to plaintiffs' residence.  Under the terms of the short sale agreement among other things, Bank of America and IndyMac agreed that "[b]y accepting the [stated monetary] amount to release our interest in the property [they would] hereby, upon receipt of funds, discharge [plaintiffs] of the liability for the deficiency balance on the loan and give complete release of lien."

10.     On December 17, 2010, escrow on the short sale closed.  The short sale price was $405,000.00, and from those proceeds of the agreed short sale (after costs and fees) Bank of America received $6,000.00 and Indymac received $369,641.23.

11.     In connection with that closing, Bank of America and IndyMac recorded a Substitution of Trustee and Deed of Reconveyance on the property, stating "the indebtedness secured by said Deed of Trust has been fully paid and satisfied."

12.     On or about January 25, 2013, plaintiffs applied for a loan to purchase a different house. Plaintiffs attempted to obtain a loan from Citibank but were denied a loan.  Plaintiffs received a letter from Citibank stating the reason for the denial of the loan was due to their credit report including notations by both Bank of America and OneWest stating that the residence had been foreclosed, instead of being sold pursuant to the short sale agreement that actually had taken place.

13.     Plaintiffs repeatedly contacted Bank of America and OneWest (for Indymac) disputing the erroneous reporting of the short sale as a foreclosure, noting that defendants agreed

to waive the deficiency on the loan. OneWest corrected the credit report, however, Bank of American would not correct the credit report and continued to report the short sale as a foreclosure.

14.     Additionally Plaintiffs sent multiple written correspondence to defendants Trans Union, and Equifax about Bank of America's erroneous credit reporting.  Likewise, plaintiffs sent written correspondence to third party credit reporting agency, Experion.  On each occasion, plaintiffs are informed and believe and thereon allege that the credit reporting agencies sent automatic consumer dispute verification requests ("ACDV") to defendants as required by the consumer protection statutes.  Upon receipt of the ACDVs, Bank of America as well as the credit reporting agencies, including defendants Trans Union and Equifax plus third party Experion, each had a duty to conduct a reasonable investigation into whether its respective credit reporting was accurate.  Showing the validity of plaintiffs' position, Experion changed its reporting to remove the notation of foreclosure.  Again however, Bank of America, Trans Union and Equifax failed and refused to conduct a reasonable investigation into the matter.  Nevertheless, Bank of America acknowledged that a short sale had occurred, rather than a foreclosure, in that Bank of America reported a charge off on plaintiffs' credit report.

15.     On or about October 15, 2013, plaintiffs sent Trans Union a second set of dispute letters concerning the Bank of America reports concerning the mortgage loan. On or about December 5 2013, Trans Union sent plaintiffs the results of its investigation stating that it would not change the credit report.  Thereafter, plaintiffs sent letters to defendant Trans Union disputing TransUnion's results, which letter is to be kept in TransUnion's credit file for plaintiffs.  As of the date of this complaint, Trans Union continues to report that plaintiffs

COMPLAINT FOR DAMAGES

incurred a charge off and a foreclosure when the report should indicate that a short sale actually occurred.

16.     Likewise, on or about October 15, 2013 plaintiffs sent letters to Equifax disputing the Bank of America reporting of the short sale as a foreclosure and charge-off.  On or about November 2013, Equifax sent plaintiffs the results of its investigation, stating that the account was "verified" and that the Bank of America foreclosure was being reported correctly. Thereafter, plaintiffs sent letters to defendant Equifax disputing Equifax' results, which letter is to be kept in Experion's credit file for plaintiffs.

17.     Currently, Equifax and TransUnion are reporting that plaintiffs have undergone a foreclosure instead of a short sale.

18.     Bank of America, Trans Union & Equifax failed to conduct reasonable investigations and to maintain reasonable procedures to investigate plaintiffs' disputes as to plaintiffs' credit report.  Bank of America, Trans Union and Equifax had a duty to conduct reasonable investigations as to the disputed account. However, each of the defendants failed to do so.  Each of the defendants had a duty to maintain reasonable procedures to investigate the disputed accounts, however, each failed to do so.  Moreover, defendants failed to report the account as disputed.  Each of the defendants had a duty to report the mortgage loan accounts as disputed; however, each of the defendants failed to report the accounts as disputed as required by law.

19.     Plaintiffs were damaged as a result of defendants' inaccurate credit reporting. The reports lowered plaintiffs' credit scores significantly, causing plaintiffs to be denied credit for mortgage loans preventing plaintiffs from being able to purchase a home.  Plaintiffs also have suffered emotional distress as a result of defendants' inaccurate credit reporting, namely plaintiff

Yekta Sadjadi lost her job, developed depression and anxiety as a result of not being approved for a loan on a new home, and plaintiff Sassan Sadjadi suffers from depression and anxiety as well.

### FIRST CLAIM FOR RELIEF

### FOR VIOLATION OF FAIR CREDIT REPORTING ACT

[15 USC § 1681s-2(b)]

(By All Plaintiffs Against **All Defendants**)

20.     Plaintiffs re-allege and incorporate each allegation of paragraphs 1 through 19 above as through fully set forth herein.

21.     The Fair Credit Reporting Act ("FCRA") requires furnishers, here Bank of America, TransUnion, and Equifax, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

22.     Within the last two years, defendants provided and/or reported inaccurate information on plaintiffs' credit report.

23.     Within the past two years, plaintiffs notified defendants that the reports concerning Bank of America were inaccurate.  Thereafter, the credit reporting agencies notified Bank of America that plaintiffs were disputing the information they had furnished to the credit reporting agencies.

COMPLAINT FOR DAMAGES

-6-

24.     Defendants violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiffs' account that plaintiff provided to defendants;

(c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiffs;

(f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence the plaintiffs submitted to Bank of America that proved that the information concerning plaintiffs' credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiffs' account to credit reporting agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681 s-s(b).

25.     As a result of the above-described violations of § 1681s-2(b), plaintiffs have been damaged.  Plaintiffs' actual damages include emotional distress, denials of credit and other

COMPLAINT FOR DAMAGES

incidental and consequential damages. Plaintiffs will continue to suffer actual damages and will suffer more damages in the future.

## SECOND CLAIM FOR RELIEF

## FOR VIOLATION OF FAIR CREDIT REPORTING ACT

[15 USC § 1681s-2(b)]

(By All Plaintiffs Against All Defendants)

26.     Plaintiffs re-allege and incorporate each allegation of paragraphs 1 through 19 above as through fully set forth herein.

27.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

28.     The Act further requires the credit reporting agency, within five business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a) (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

COMPLAINT FOR DAMAGES

-8-

29.     Within the two years preceding the filing of this complaint, plaintiffs notified the defendants of an inaccuracy contained in its reports and asked said defendants to correct the inaccuracy.

30.     Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed.

31.     Defendants failed to review and consider all relevant information submitted by plaintiffs.

32.     Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and file in violation of 15 USC § 1681e(b).

33.     As a result of the above-described violations of § 1681i and § 1681e (b), plaintiffs have sustained damages.

34.     Said defendants' violations of the FCRA were willful and therefore plaintiffs are therefore entitled to and do seek statutory and punitive damages.

## THIRD CLAIM FOR RELIEF

## FOR VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING

## AGENCIES ACT

[California Civil Code §§ 1785.25 (a) -(c)

(By All Plaintiffs Against All Defendants)

35.     Plaintiffs re-allege and incorporate each allegation of paragraphs 1 through 19 above as through fully set forth herein.

36.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate,"

37.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

38.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

39.     Defendants willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

40.     Defendants failed to make corrections to the information it was furnishing to the consumer reporting agencies.

41.     Defendants failed to provide a notice to the consumer reporting agencies that the information it was providing was disputed.

42.     Based on these violations of Civil Code § 1785.25 (a), (b) & (c), plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000 for each violation as the Court deems proper.

COMPLAINT FOR DAMAGES

PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

1. Actual, damages in and amount to be proven at trial, which include general and special damages, including without limitation consequential damages and damages for emotional distress;

2. Punitive damages;

3. Injunctive relief;

4. Cost and attorneys' fees, and

5. Such other relief as the court may deem proper.

Dated: March 8, 2014

LAW OFFICE OF CHRISTIE GAUMER

By: _____
Christie Gaumer
Attorneys for Plaintiffs Sassan Sadjadi and Yekta Sadjadi

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this case.

Dated: March 8, 2014                         LAW OFFICE OF CHRISTIE GAUMER

By: _____
Christie Gaumer
Attorneys for Plaintiffs Sassan Sadjadi and
Yekta Sadjadi

COMPLAINT FOR DAMAGES